# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| **LINDA AVILA,** | ) |
|       **Plaintiff,** | ) |
| v. | )    **Civil Action No. 1:19-00066** |
| **UNITED STATES OF AMERICA,** *et al.*, | ) |
|       **Defendants.** | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

On January 25, 2019, Plaintiff, acting *pro se*,[1] filed her Application to Proceed Without Prepayment of Fees or Costs and a Complaint claiming entitlement to relief pursuant to Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346(b) and 2671, *et seq.*, and for alleged violations of his constitutional and civil rights pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971). (Document Nos. 1 and 2.) In her Complaint, Plaintiff names the following as Defendants: (1) United States of America; (2) Federal Bureau of Prisons; (3) Alderson Federal Prison Camp; and (4) Dr. Natalie Wright, D.O. (Document No. 2.) Plaintiff alleges that she was involved in an altercation with another inmate on June 19, 2016, wherein she suffered head trauma. (Id., p. 2.) As a result of the trauma, Plaintiff states that she "blacked out." (Id.) Plaintiff explains that when she regained her "sight," she reported to Health Services. (Id.) Plaintiff acknowledges that medical staff inquired as to whether she was knocked unconscious and Plaintiff responded, "I do not remember." (Id.)

---

[1] Because Plaintiff is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Despite Plaintiff's foregoing response, Plaintiff complains that medical staff documented "no loss of consciousness." (Id.) Plaintiff acknowledges that she was taken to a contract jail, where she received additional medical treatment. (Id.) Plaintiff, however, complains that she did not receive proper medical treatment at FPC Alderson. (Id.) Plaintiff states that upon returning to FPC Alderson on July 27, 2016, Plaintiff complained of pain and was told that she could see a medical provider at a later date. (Id., pp. 2 – 3.) Plaintiff claims that a facial x-ray was conducted in January 2017, which revealed that her pituitary gland was swollen. (Id., p. 3.) A CT scan was conducted on February 9, 2017, which revealed Empty Sella Syndrome. (Id.) Plaintiff alleges that the "next step was to have an MRI, blood work called Chemical 16, and see an ENT." (Id.) Plaintiff, however, alleges that she was informed that "it was never going to happen, too expensive." (Id.) Plaintiff claims that due to the deliberate indifference and negligence by medical staff, she has suffered "a number of medical issues, memory loss, and cruel and unusual punishment, therefore, [she] will become disabled and unable to live a productive life once released." (Id.) As relief, Plaintiff requests monetary damages. (Id., p. 4.) As an Exhibit, Plaintiff attaches a copy of the denial letter dated July 25, 2018, regarding Tort Claim No. TRT-MXR-2018-04892. (Document No. 2-1.)

## **THE STANDARD**

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v.

Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

## **DISCUSSION**

Upon initial screening of Plaintiff's Complaint, the undersigned notes that Plaintiff names the following as Defendants: (1) United States of America; (2) Federal Bureau of Prisons ("FBOP"); (3) Alderson Federal Prison Camp; and (4) Dr. Natalie Wright. (Document No. 2.)

1. **FTCA**:

The Federal Tort Claims Act [FTCA], 28 U.S.C. § 1346(b)(1) and 28 U.S.C. § 2671, *et seq*., authorizes suits against the United States for damages for injuries or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the United States while acting within the scope of his or her office or employment under circumstances where the United States, if a private person, would be liable in accordance with the law of the place where the act or omission occurred. The FTCA provides at 28 U.S.C. § 2674 as follows:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or

for punitive damages.

Individuals may file claims of liability against the United States but may not assert claims of personal liability against federal officials for violations of their constitutional rights under the FTCA. Carlson v. Green, 446 U.S. 14, 21 - 23, 100 S.Ct. 1468, 1472 -74, 64 L.Ed.2d 15 (1980).

In the instant case, Plaintiff is clearly alleging tortious conduct by medical staff at FPC Alderson. Since Plaintiff is asserting a FTCA claim based upon the alleged torts committed by medical staff at FPC Alderson, the undersigned finds that the United States is the only appropriate defendant concerning Plaintiff's FTCA claim. To the extent Plaintiff names the FBOP and FPC Alderson as a defendant in her FTCA action, the foregoing Defendants should be dismissed.

    **2.**     **Bivens:**

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395 -97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by

4

their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law. However, Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991); Reingold v. Evers, 187 F.3d 348, 355 n. 7 (4th Cir. 1999). To the extent Plaintiff names the FBOP and FPC Alderson as a defendant in her Bivens action, the undersigned respectfully recommends that the foregoing Defendants should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Plaintiff's Complaint as to the FBOP and FPC Alderson, and **REFER** this matter back to the undersigned for further proceedings on Plaintiff's claims against the United States and Dr. Wright.[2]

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this

---

[2] By separate Order entered this day, the undersigned has granted Plaintiff's Motion to Proceed Without Prepayment of Fee as to her FTCA claim against the United States and her *Bivens* claim against Dr. Wright.

Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: February 11, 2019.

_____
Omar J. Aboulhosn
United States Magistrate Judge